*1072 ON REMAND FROM THE ALABAMA SUPREME COURT
PATTERSON, Judge.
On original submission in this case, we affirmed the judgment of the trial court denying Jeremiah James’s petition for relief, which he had filed pursuant to A.R. Crim.P.Temp. 20. We affirmed because the issues raised by James in his petition, i.e., sufficiency of the evidence to support his conviction for robbery in the first degree and the application of the Habitual Felony Offender Act in sentencing him to life imprisonment without the possibility of parole, were procedurally barred from review on the merits by the provisions of Rule 20.2(c); however, we did not write an opinion.
Appellee, State of Alabama, petitioned the Alabama Supreme Court for a writ of certiorari, and the Court remanded the case to this court for our consideration in light of Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Since the remand from the Alabama Supreme Court, we have been informed by the clerk of the Circuit Court of Jefferson County and the trial judge that there have been recent developments in the case that may render this appeal moot.[1] Because of these developments and in order to give the trial court jurisdiction, we deem it proper to remand this case to the trial court for appropriate action. Due return should be made to this court of the action taken.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

. A document furnished us by the clerk of the Circuit Court, entitled "Case Action Summary," purports to show that two of the three prior convictions used to enhance James’s sentence to life imprisonment without parole have been set aside, and there is a further entry on the document, dated March 9, 1990, whereby the trial judge attempts to set aside the sentence of life without parole and attempts to resentence James to life imprisonment. Assuming that the document accurately reflects the actions taken by the trial court, we point out that the trial court lacked jurisdiction at that time to take such action, as the case was on appeal in this court and was under our jurisdiction.